IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTHER YVONNE MEUGANG** <br> **INDIVIDUALLY AND** <br> **AS PARENT AND NEXT FRIEND OF** <br> **EDEN TCHAMBA, A MINOR** <br> 5210 3rd Street NW, Apt 214 <br> Washington, DC 20011 <br><br> *PLAINTIFF*, <br> v. <br><br> **DEANWOOD HILLS LLC** <br> 575 S Charles St, Ste 140 <br> Baltimore, MD 21201-2477, <br><br> **PENNROSE, LLC** <br> C/O PENNROSE PROPERTIES, LLC. <br> 575 South Charles Street, Suite 140 <br> Baltimore, MD 21201 <br><br> **PENNROSE DEVELOPMENT, LLC** <br> C/O PENNROSE PROPERTIES, LLC. <br> 1318 East Fort Ave <br> Baltimore, MD 21230 <br><br> **PENNROSE MANAGEMENT COMPANY** <br> C/O PENNROSE PROPERTIES LLC <br> Suite 140 S. Charles St <br> Baltimore, MD 21201 <br><br> **PENNROSE PROPERTIES LLC** <br> Suite 140 S. Charles St <br> Baltimore, MD 21201 <br><br> **THE RESIDENCES AT HAYES APARTMENTS** <br> 5102 Hayes Street, NE <br> Washington, D.C. 20019 <br><br> *DEFENDANTS*. <br><br> **SERVE:** <br> The Corporation Trust Incorporated <br> 2405 York Rd, Suite 201 <br> Lutherville Timonium, MD 21093-2264 | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> *    CIVIL CASE No.:_____ <br> *    **JURY TRIAL DEMANDED** <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## COMPLAINT AND PRAYER FOR JURY TRIAL

Plaintiff, Ester Yvonne Meugang, individually and as parent and next friend of her minor child, Eden Tchamba ("Plaintiff"), by and through her attorneys, Fah Law Group, P.C., and Joseph M. Nde Fah, Esq., hereby sues and demands judgment, jointly and severally, against, Deanwood Hills LLC, Pennrose LLC, Pennrose Development LLC, Pennrose Management Company, LLC, Pennrose Properties, LLC, and the Residences at Hayes ("Defendant"), and as grounds therefore states as follows:

## NATURE OF THE ACTION

1. Ms. Meugang brings this action against all Defendants to seek appropriate relief for the injuries her minor child suffered because of the Defendants' negligent maintenance and operation of their property—the Residences at Hayes.

2. As fully set forth below, Ms. Meugang states that Defendants who owned and operated her apartment at the Residence at Hayes, failed to repair her apartment window, despite repeated promised to repair, and as a result, her minor child fell through that very window, from the third floor of the building, and onto the ground, severely injuring himself.

3. Ms. Meugang seeks compensatory damages for in the injuries her child suffered from the fall.

## PARTIES

4. At all time relevant to this action, Plaintiff, Yvonne Ester Meugang was a tenant of the apartment 225 at the Residences at Hayes ("Hayes"), 5201 Hayes Street NE, Washington, DC.

5. Eden Tchamba is the minor son of Yvonne Ester Meugang and resided with his mother and his sibling in apartment 225 at Hayes.

6. Eden was four years old at the time of the incident.

7. Plaintiff and her minor child are citizen and residents if the District of Columbia.

8. Deanwood Hills LLC ("Deanwood") is a business entity with its principal place of business in Baltimore, Maryland.

9. Deanwood is the owner of the Residences at Hayes, the property where Eden was injured.

10. Pennrose, LLC is a foreign business entity registered in the state of Maryland with its place of business and service of process in Baltimore, Maryland.

11. Pennrose, LLC is also owner of the Residences at Hayes.

12. Pennrose Development, LLC is a foreign business entity registered in the state of Maryland with its place of business and service of process in Baltimore, Maryland.

13. Pennrose Development was also owner, and or developer, of the Residences at Hayes.

14. Pennrose Management Company is a foreign business entity registered in the state of Maryland with its place of business and service of process in Baltimore, Maryland.

15. Pennrose Management operates and manages the Residences at Hayes.

16. Pennrose Properties, LLC is a foreign business entity registered in the state of Maryland with its place of business and service of process in Baltimore, Maryland.

17. Pennrose Properties was also the owner of the Residences at Hayes.

18. The Residences at Hayes Apartments was the Plaintiff's landlord.

## JURISDICTION AND VENUE

19. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

20. Venue is proper in this Court because the cause of this action arose in the District of Columbia.

## STATEMENT OF FACTS

21. Plaintiff and Defendants entered into a residential lease agreement on December 26, 2018, for a lease of the apartment 225 located 5201 Hayes Street, NE Washington, DC 20019. Copy of the

lease agreement is incorporated by reference herein is as Exhibit 1 and prayed to be read is if fully set forth in this complaint.

22. The lease was slated to expire on November 30, 2019.

23. The Landlord agreed to lease apartment 225 to Plaintiff for a monthly rent of $1, 252, which Plaintiff consistently paid without delay.

24. Apartment 225 was one bedroom.

25. Pursuant to paragraph 16 (e) of the lease agreement, Ms. Meugang was required "to report any breakage, damage or need for repairs to the leased property or equipment to the Landlord."

26. Around March 2019—few months after moving into her new apartment, Plaintiff began noticing issue with the window in her bedroom—the window's hardware was not in good working conditions, causing the window to be unsafe.

27. The window safety system was not working, causing the window to b every lose and easily movable upward.

28. As required by the terms of her lease agreement, Plaintiff immediately called her landlord and reported the defective window to the landlord.

29. The landlord told Plaintiff that they would respond within two weeks and if Plaintiff has not heard from the landlord, then she should call again.

30. Around April 2019, having heard nothing from the Landlord and worried about the safety of her children, Plaintiff called again and insisted it was urgent.

31. After 3 days, the landlord sent one of its employees to the apartment.

32. After inspection, the defendant's employees observed that the window was not safe, indeed.

33. Plaintiff begged the Defendant's employee to affix a screw so that it can stabilize the window, the maintenance responded that they will see what can be done, but never did anything to repair the windows.

34. On November 11, 2019, at approximately 5 p.m., Plaintiff and her children were in their apartment. Eden was playing with his brother. Plaintiff was putting some of the toys away.

35. As she was putting the toys away, she heard Eden's brother scream "he is down."

36. She rushed to the room and saw her child pointing to the window while crying and saying, "he is down".

37. When Plaintiff looked, she saw her son, little Eden, laying on the floor—he has fallen through the same defective window, from the third floor of the building and onto the ground.

38. Plaintiff immediately called 911 and rushed outside of the building toward Eden.

39. Within five minutes, the ambulance and emergency services arrived at the scene.

40. Plaintiff child was transported via ambulance to Children's Hospital where he was hospitalized for treatment of the severe injuries, he sustained from falling through the defective window.

41. Two days later, the head of the Landlord maintenance team came into the apartment to inspect the premises, but still did not fix the defective window that Plaintiff has been complaining of since March 2019.

42. Neither one of the Defendant ever care to inquire about either the injuries suffered by Eden or any effort to render the premises safer for Plaintiff and her children.

43. Growing in fear, Plaintiff moved out.

## COUNT I:

## NEGLIGENCE

44. Plaintiff repeats and restates the allegations set forth in paragraphs 1 through 40 of this complaint as if fully set forth herein and further states.

45. The Defendants have a non-delegable duty to provide safe windows and premises to Plaintiff.

46. The Defendants, acting individually and/or by and/or through its actual and/or apparent agents, servants, and/or employees, including those named herein and those yet to be identified, owed the Plaintiff a non-delegable duty of care to exercise that degree of care, skill, and judgment ordinarily possessed by a reasonably competent landlord who has been presented with similar safety issues or similar circumstances.

47. The Defendants, acting individually and/or by and/or through its actual and/or apparent agents, servants, and/or employees, including those named herein and those yet to be identified, were negligent in the operation and maintenance of the window through which the minor child fell, and breached the applicable standards of care in the following ways, amongst others:

    a. Failing to inspect the windows of apartment 225 prior to leasing that apartment to Plaintiff;

    b. And when notified of the defects, by failing to the appropriate remedial actions to correct the defects.

    c. Failing to assure tenant safety through proper repairs of the defects present on the premises.

    d. Failing to promulgate proper and effective standards, procedures, protocols, systems, and rules to ensure the safety of their tenants including that of Eden;

    e. Negligently failing to confirm that a call for service was completed in a workmanship,

    f. Negligently failing to follow established laws, rules, regulations, guidelines, and procedures for ensuring that unsafe windows are immediately replaced or rendered safer;

    g. Were otherwise negligent.

48. The above-described acts of Defendants and its actual and/or apparent agents, servants, and/or employees, including those named herein and those yet to be identified, were committed while they were acting as an agent, servant or employees of the Defendants.

49. The above-described acts of Defendants' actual and/or apparent agents, servants, and/or employees, including those named herein and those yet to be identified, were committed while they were in the scope of their agency and while furthering the business interests of the Defendants.

50. At all times pertinent hereto, the Defendants exercised control of the means and methods of how its actual and/or apparent agents, servants, and/or employees, including those named herein and those yet to be identified, completed and performed their work duties and responsibilities while providing management, maintenance, and repairs over the Plaintiff's leased apartment.

51. As the principal, the Defendants are responsible for all of the acts committed by its actual and/or apparent agents, servants, and/or employees, including those named herein and those yet to be identified, while they were acting within the scope of their agency and employment with the Defendants.

52. The aforementioned deviations by the Defendants, acting individually and/or by and/or through their actual and/or apparent agents, servants, and/or employees, were a substantial contributing factor and a direct and proximate cause of the minor child's injuries, including:

    h. Conscious physical pain and suffering;
    i. Mental and emotional distress and anguish;
    j. Fear of death;
    k. Severe bodily injuries;
    l. Stress;

  m. Discomfort;

  n. Disability;

  o. Shock;

  p. Medical expenses;

  q. Shame, indignity, humiliation; and,

  r. Severe mental anguish and psychological distress.

53. All of the injuries, losses, and damages complained of herein were naturally, directly, and proximately caused by the joint and several negligence and lack of due care by the Defendants and their actual and/or apparent agents, servants, and/or employees, including those named herein and those yet to be identified, with no negligence or want of due care on the part of the minor child contributing thereto.

  **WHEREFORE**, Plaintiff and her minor child bring this action against the Defendants, jointly and severally, for all injuries, losses, and damages suffered and sustained by her minor child, and for any other damages to which she and her minor child are entitled, including case costs, pre-judgment interest, and post-judgment interest, in an amount in excess of $75,000.00, exclusive of interest and costs, and for any other legal or equitable relief as justice may require.

## COUNT II:
## NEGLIGENT HIRING, RETENTION, AND SUPERVISION

54. Plaintiff repeats, re-alleges, adopts, and incorporates by reference the above paragraphs of this Complaint, as if fully set forth herein.

55. The Defendants had a duty to investigate, credential, qualify, select, hire, and retain only competent employees who were competent and fit to perform the duties required of them and who practice in accordance with the standards of care including internal policies and procedures established by the Defendants.

56. The Defendants also had a duty to reasonably supervise their actual and/or apparent agents, servants, and/or employees, including those named herein and those yet to be identified, in the performance of their job duties, including the inspection, repairs or maintenance of the defects on the leased premises, and safety audits related thereto.

57. The Defendants knew or had reason to know that their actual and/or apparent agents, servants, and/or employees, including those named herein and those yet to be identified, would be likely to perform their maintenance duties in a negligent and/or reckless manner causing an unreasonable risk of harm to the tenants, including Plaintiff.

58. The Defendants owed such a duty to Plaintiff and her minor child, and the Defendants breached this duty when they hired, qualified, credentialed, retained, and supervised staffs who negligently, in violation of the building codes, failed to properly repair a clearly defective window, failed to secure the defective window despite noticing the defect, and failed to respond to correct the defect despite promising Plaintiff that it will be corrected.

59. The above-described acts of the Defendants' actual and/or apparent agents, servants, and/or employees, including those named herein and those yet to be identified, were committed while they were acting as an agent, servant or employee of the Defendants.

60. The above-described acts of Defendants' actual and/or apparent agents, servants, and/or employees, including those named herein and those yet to be identified, were committed while they were in the scope of their agency and while furthering the business interests of the Defendants.

61. At all times pertinent hereto, the Defendants exercised control of the means and method of how their actual and/or apparent agents, servants, and/or employees, including those named herein and those yet to be identified, completed and performed their work duties and responsibilities while providing inspection, maintenance, and repairs of defects in their facility at Hayes.

62. As the principal, the Defendants are responsible for all of the acts committed by their actual and/or apparent agents, servants, and/or employees, including those named herein and those yet to be identified, while they were acting within the scope of their agency and employment with the Defendants.

63. The aforementioned deviations by the Defendants, acting individually and/or by and/or through their actual and/or apparent agents, servants, and/or employees, were a substantial contributing factor and a direct and proximate cause of the minor child's injuries, including:

    s.  Conscious physical pain and suffering;

    t.  Mental and emotional distress and anguish;

    u.  Fear of death;

    v.  Severe bodily injuries;

    w.  Stress;

    x.  Discomfort;

    y.  Medical expenses;

    z.  Disability;

    aa. Shock;

    bb. Shame, indignity, humiliation; and,

    cc. Severe mental anguish and psychological distress.

64. All of the injuries, losses, and damages complained of herein were naturally, directly, and proximately caused by the joint and several negligence and lack of due care by the Defendants and their actual and/or apparent agents, servants, and/or employees, including those named herein and those yet to be identified, with no negligence or want of due care on the part of the minor child or her mother contributing thereto.

**WHEREFORE**, Plaintiff and her minor child bring this action against the Defendants, jointly and severally, for all injuries, losses, and damages suffered and sustained by her minor child, and for any other damages to which she and her minor child are entitled, including case costs, pre-judgment interest, and post-judgment interest, in an amount in excess of $75, 000.00, exclusive of interest and costs, and for any other legal or equitable relief as justice may require.

Date: November 9, 2022

Respectfully submitted,

**FAH LAW GROUP, P.C.**

/s/ Joseph M. Nde Fah

_____

Joseph M. Nde Fah, Esq.
(Bar No.: MD0009)
8757 Georgia Avenue, Suite 440
Silver Spring, MD 20910
T: (301) 585 3314
F: (301) 585 0854
jfah@fahlawgroup.com

***Attorney for Plaintiff***

## JURY TRIAL DEMAND

Plaintiff hereby requests a jury trial on all questions of facts raised by her complaint.

Date: November 9, 2022

        Respectfully submitted,

        **FAH LAW GROUP, P.C.**

        /s/ Joseph M. Nde Fah
        _____

        Joseph M. Nde Fah, Esq.
        (Bar No.: MD0009)
        8757 Georgia Avenue, Suite 440
        Silver Spring, MD 20910
        T: (301) 585 3314
        F: (301) 585 0854
        jfah@fahlawgroup.com

        ***Attorney for Plaintiff***